**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MARIO OCHOA-OLIVAS,

     Defendant - Appellant.

No. 01-3255
(D.C. No. 01-CR-10036-01-WEB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Mario Ochoa–Olivas pleaded guilty to being found in the United States after having been convicted of an aggravated felony and previously deported, 8 U.S.C. § 1326(a), (b)(2). He was sentenced to 41 months imprisonment and three years' supervised release; at the end of his imprisonment, he is to be surrendered to immigration officials for deportation. Mr. Ochoa-Olivas appeals from the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

denial of his motion for downward departure under U.S.S.G. § 5K2.0. Mr. Ochoa sought a downward departure, arguing that his case presented unique circumstances in that he had been advised by someone he believed to be an attorney that he could lawfully remain in the United States. III R. (PSR) ¶¶ 78-86. Mr. Ochoa argued for a downward departure on this basis independently of whether the government moved for one based upon substantial assistance, U.S.S.G. § 5K1.1. The government declined to move for a substantial assistance departure. III R. ¶ 87.

We have reviewed the transcript of the sentencing hearing. We only have jurisdiction to review a district court's refusal to depart when the district court "concludes that an entire class of circumstances never constitutes the basis for a downward departure." United States v. Castillo, 140 F.3d 874, 888 (10th Cir. 1998). Where the district court exercises its discretion to depart based upon the circumstances of a defendant's case, as happened here, we lack jurisdiction. United States v. Browning, 252 F.3d 1153, 1160-61 (10th Cir. 2001). The district court not only found that "no departure is warranted under the facts of this case," II R. 17, but also considered those actual facts–even if Mr. Ochoa-Olivas was given incorrect advice in January 2001, he still had to enter the country unlawfully, II R. 18. Contrary to Defendant's argument, this is not a categorical denial, but rather a consideration of the Defendant's circumstances that

surrounded the defective advice.

APPEAL DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge